Stephen G. Recordon (SBN 91401)
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA  92101
Telephone: (619) 232-1717
Facsimile: (619) 232-1382
sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**ROONEY & LICKEL**
1102 Cesar Chavez Parkway
San Diego, CA 92113
Telephone: (619) 573-9547
Facsimile: (619) 546-0792
rooneycdi@gmail.com

Attorneys for Plaintiff, Juana Reyes

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA REYES,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No: '11CV1299 JM  BGS<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT** |

## INTRODUCTION

1. Plaintiff Juana Reyes, through her counsel, brings this action to challenge the acts of Consumer Recovery Associates, LLC (hereinafter "CRA") regarding attempts by CRA to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

////

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. As CRA does business in the State of California, and committed the acts that form the basis for this suit with the intent to cause effects in the State of California, this Court has personal jurisdiction over CRA for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CRA is a Virginia limited liability company, doing business in the State of California.

11. Defendant CRA is a person who uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

////

////

12. Defendant CRA, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Defendant CRA claims that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. On or about June 15, 2010, Defendant CRA contacted Plaintiff by telephone in an attempt to collect a consumer debt, in particular, Citibank account number 4621206010292559.

17. These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

////
////

COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT

19. CRA claimed that Plaintiff earlier owed a debt to Citibank, based on account number 4621206010292559, and that CRA now owned this debt, or was otherwise entitled to collect money on this debt to Citibank.

20. In this telephone call, CRA's agent or employee told Ms. Reyes that the last payment made on the account above was in 2002.

21. CRA's agent or employee told Ms. Reyes that CRA was going to file suit against Ms. Reyes if she did not make immediate settlement arrangements and allow CRA to electronically withdraw payments from Ms. Reyes' bank account.

22. CRA's agent or employee told Ms. Reyes that he knew she owed medical debts, that he knew where she worked, and her new address, and he now had her new telephone number.

23. Ms. Reyes, under duress, agreed to pay CRA to avoid the threatened lawsuit, and a possible wage garnishment.

24. Later that same day, in an attempt to re-negotiate with CRA, Ms. Reyes called CRA again and asked if CRA would really file suit if Ms. Reyes did not pay.

25. CRA's agent or employee stated that "yes, we will take further action" if Ms. Reyes did not pay, and did nothing to deny his earlier statement that CRA would file suit.

26. On that same day, CRA sent Plaintiff a letter in an attempt to collect the same consumer debt.

27. CRA did not, at any point, provide Plaintiff with the written disclosures of Plaintiff's right to verification of the above debt that are required by the Fair Debt Collection Practices Act, or FDCPA, at 15 USC 1692g.

28. Ms. Reyes, who was unable to pay the amounts she had agreed to pay under duress, closed her bank account.

/ / / /
/ / / /
/ / / /

29. CRA's agent or employee then called Ms. Reyes and left her a message stating that "you had talked to my office a little while back in regards to this, I'm now being asked to make a decision on this, so I maybe just wanted to speak to you prior to that."

30. Based on her past conversations with this agent or employee of CRA, Ms. Reyes believed that the decision this agent or employee was supposedly being asked to make was whether or not to file suit against Ms. Reyes.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION

### FIRST CLAIM FOR RELIF

#### (Violations of the FDCPA by CRA)

31. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

32. Defendant CRA violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. *15 U.S.C. §1692e(2)* by misrepresenting the legal status of a debt;

    b. *15 U.S.C.§1692e(5)* by threatening to take an action that cannot legally be taken or was not intended to be taken; and

    c. *15 U.S.C. §1692g* by failing to provide disclosure of Plaintiff's right to dispute a debt and request verification.

33. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

### SECOND CLAIM FOR RELIEF

#### (Claim for violations of the Rosenthal Act by CRA)

34. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

////

////

35. Based on information and belief, Defendant CRA's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code § 1788.17*.

36. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following: Defendant's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692e(2)* by misrepresenting the legal status of a debt;

    b. *15 U.S.C.§1692e(5)* by threatening to take an action that cannot legally be taken or was not intended to be taken; and

    c. *15 U.S.C. §1692g* by failing to provide disclosure of Plaintiff's right to dispute a debt and request verification.

37. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

38. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant CRA, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants CRA and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants CRA and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendants CRA and for Plaintiff;

COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendants CRA and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant CRA; and

6. Such other and further relief this court may deem just and proper.

Respectfully submitted,

Dated: June 14, 2011

Stephen G. Recordon
Attorney for Plaintiffs
E-mail: sgrecordon@aol.com

℅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JUANA REYES

## DEFENDANTS
CONSUMER RECOVERY ASSOCIATES, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen G. Recordon (CSB 91401) 225 Broadway, Ste. 1900, San Diego, CA 92101 (619) 232-1717

Attorneys (If Known)

'11CV1299 JM   BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury (struck through) | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Damages for violation of the Fair Debt Collection Practices Act and for related State Law Claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/14/2011

SIGNATURE OF ATTORNEY OF RECORD: *[signature: Stephen G. Recordon]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____